SUMMARY ORDER

Ibrahima Diawara, a native and citizen of Senegal, seeks review of an August 2, 2007 order of the BIA denying his motion to reopen his removal proceedings. In re Ibrahima Diawara, No. A73 048 755 (B.I.A. Aug. 2, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA 413 F.3d 232, 233 (2d Cir.2005) (per curiam); Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006). “An abuse of discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).
A motion to reopen must be filed no later than 90 days after the final administrative decision is rendered in the proceedings that the applicant seeks to reopen. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, an applicant may be excused from compliance with the 90-day time limit if he submits evidence establishing “changed country conditions arising in the country of nationality .... ” 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Such a motion to reopen shall not be granted unless it appears that the evidence offered in support of the motion “is material and was not available and could not have been discovered or presented” at the previous hearing. 8 C.F.R. § 1003.2(c)(1).
There is no dispute that Diawara’s motion to reopen was untimely where it was filed almost four years after the BIA issued the final administrative decision in his case. Moreover, the BIA did not abuse its discretion in finding that neither the immigration court’s grant of withholding of removal to Diawara’s wife nor the birth of his daughter in the United States constituted evidence of changed country conditions in Senegal. Rather, these events constituted changed personal circumstances, and, as such, they were insufficient to warrant an exception to the deadline for motions to reopen. See, e.g., Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005).
Alternatively, Diawara argues that he is entitled to file a motion to file a successive asylum application based on changed personal circumstances pursuant to 8 U.S.C. § 1158(2)(D). However, that argument is entirely foreclosed by our decision in Yuen Jin v. Mukasey, 538 F.3d 143, 150 (2d Cir.2008). See also Matter of *21 C-W-L- 24 I. & N. Dec. 346, 349-50 (B.I.A2007).
Furthermore, the immigration court’s grant of withholding of removal to Diawara’s wife based on the female genital mutilation (“FGM”) that she suffered in Senegal did not entitle Diawara to relief. First, unlike the asylum statute, see 8 U.S.C. § 1158(b)(3)(A), the withholding of removal statute does not provide for the grant of derivative relief to spouses, see 8 U.S.C. § 1231(b)(3); Niang v. Gonzales, 492 F.3d 505, 513 (4th Cir.2007). In addition, an applicant is entitled to relief based only upon persecution that he himself personally suffered or feared that he would suffer in the future. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 313 (2d Cir.2007). Persecution suffered by the applicant’s spouse, is generally insufficient to confer eligibility for relief upon the applicant. See id. Thus, Diawara was not automatically eligible for withholding of removal based upon the FGM procedure that was inflicted upon his wife in Senegal. See id. at 309.
Finally, Diawara’s argument that the BIA abused its discretion and violated his right to due process by declining, notwithstanding the government’s failure to submit an opposition, to treat his motion as agreed-upon and jointly filed is meritless. See Li Hua Lin v. U.S. Dep’t of Justice, 453 F.3d 99, 104-05 (2d Cir.2006) (finding that due process requires only that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard). Moreover, this Court lacks jurisdiction to review the BIA’s decision not to reopen proceedings sua sponte. See Azmond Ali v. Gonzales, 448 F.3d 515, 517-18 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).